RECEIVED
USDC, CLERK, CHARLESTON, S

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rufus Junior Williams, # 290609, | ) C/A No. 2:09-745-MBS-RSC |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| LeRoy Cartledge, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate.[1] Following a trial, Petitioner was convicted of first-degree burglary and assault and battery of a high and aggravated nature in the Greenville County General Sessions Court on February 5, 2003. He allowed considerable periods of time to run between the completion of his direct appeal, the filing of a first Post-Conviction Relief Application (PCR) and its conclusion, the filing of a second PRC case and the conclusion of the appeal following it, and the ultimate filing of the federal habeas corpus case that is the subject of this Report and Recommendation.

Upon initial review of the Petition in this case, it appeared more likely than not from the face of the Petition that this case

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

was untimely. Petitioner failed to provide any answer to question 18 on the Court-approved petition form that he used. That question specifically asks any petitioner whose conviction became final over one year before the petition was filed to explain why the petition is not barred under 28 U.S.C. § 2244(d). Accordingly, because the Petition appeared untimely on its face, Petitioner was given the opportunity to clarify and/or explain the untimeliness issue through the provision of Answers to the Court's Special Interrogatories. (Entry 7).

After confirming that various dates of filings and decisions relative to his use of state court remedies that he had written on the Petition, the following quoted interrogatory and response to it is all Petitioner had to say about the untimeliness:

> 11) Using the dates from your answers to the Questions above, explain why the one-year statute of limitations as contained in 28 U.S.C § 2244(d) does not bar your petition.
>
> <u>Because under 28 U.S.C. 2254-2255 in the (A) limitation event that has arised Petition feels that he shall have the same benefit of the holding in Houston v. Lack, 477 U.S. 266 (1988) pleading and Local Rule 73.02(B)(2) pretrial proceeding in this action. Also in Rule (6) E F.R.C.P. So this action should be granted and a hearing should be held to resolve the issues because constitutional rights are clearly violated.</u>

As may be seen, the answer provided is truly unresponsive to question. Petitioner does not provide any facts showing that he was unable to comply or was involuntarily prevented from complying with the § 2244(d) limitation period. He provides no excuse for his allowing so much time to run between the conclusion of his

state post-conviction actions and the filing of new ones or filing this federal petition. Accordingly, it appears from the face of the record currently before the Court that the Petition filed in this case is untimely and subject to summary dismissal.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that

the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal because it is untimely.

The applicable law is as follows: The Anti-terrorism and Effective Death Penalty Act (AEDPA) became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the *latest* of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. *Duarte v. Hershberger*, 947 F. Supp. 146, 148 n.2 (D.N.J. 1996).

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(Emphasis added).

According to his answers to the questions on the petition form he used and his Answers to the Court's Special Interrogatories, Petitioner timely filed and served a Notice of Appeal and the South Carolina Court of Appeals affirmed his convictions on October 21, 2004. No petitions for certiorari were filed in either the South Carolina Supreme Court or the United States Supreme Court. Thus, his conviction became final on January 19, 2005. Petitioner filed his first PCR application, Greenville County Court of Common Pleas case no. 2005-CP-23-2741, on April 27, 2005, and the filing of the first PCR suspended the running of the one-year limitation period. 28 U.S.C. §2244(d)(2). Thus, between the date on his convictions became final and the filing of his first PCR case approximately ninety-nine (99) days were exhausted. The first PCR application was dismissed on September 15, 2006, but Petitioner did not file a

petition for writ of certiorari to the state appeals court seeking review of the dismissal of the PCR, thus the limitation period began to run again on September 26, 2006, the day after the ten-day period during which he could have filed a state petition for writ of certiorari expired. On May 1, 2007, Petitioner filed a second PCR application, case no. 2007-CP-23-2811, thus an additional 216 days were exhausted. At that point, Petitioner had already exhausted 315 (99 + 216) of his available 365-day (one year) federal habeas corpus limitation period. The second PCR case ended on November 14, 2007 with the granting of a "belated appeal" of the first PCR case. The "belated appeal" concluded unsuccessfully for Petitioner on November 29, 2007.[3] Petitioner did not seek further review of the state courts' decisions, thus his 365-day (one year) limitation period for filing a federal habeas corpus case expired fifty (50) days later on January 18, 2008.

Inexplicably, Petitioner waited another full year and over two months before submitting the Petition in this case to the prison mail system on March 23, 2009. Even if we were to not count the

---

[3] Petitioner attaches to his Answers to the Special Interrogatories one photocopied final page from an un-identified South Carolina Supreme Court order dated January 8, 2009, which appears to be the concluding document from a *Johnson* appeal of some sort. There is no indication anywhere on that page that this Petitioner was involved in whatever *Johnson* appeal the page pertains to. Furthermore, nowhere on the face of the Petition does Petitioner mention any South Carolina state appeal that he was involved in that concluded on January 8, 2009. Accordingly, given the lack of identifying information on that document showing that Petitioner was involved in that appeal, that page is irrelevant to this case and is not being considered by the undersigned.

216 days period between the end of the first PCR case and the beginning of the second PCR case in which he received a belated appeal of the first PCR judgment, the Petition filed in this case would still be untimely. As stated above, although he was given the opportunity to explain why he waited so long to file his federal habeas petition and/or why the one-year limitation period should not apply in this case, Petitioner did not provide a responsive answer. Certainly he did not express any kind of factual background that might raise the issue of equitable tolling in this case.

In the case of *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In *Harris*, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

*Harris*, 209 F.3d at 327.

Based on the above reasons, the undersigned finds that

Petitioner's habeas corpus Petition is barred by the statute of limitations and that this untimeliness is clear from the face of the record of this case. *See Day v. McDonough*, 547 U.S. 198 (2006)

Additionally, as stated above, despite being given the opportunity to do so, Petitioner did not provide any facts warranting the consideration of equitable tolling in this case. In the case of *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). As we held in *Harris*, however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

> *Id.* Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris*, 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-47.

Petitioner has not presented (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. *See Rouse*. He allowed his limitation period to run before submitting the Petition in this case and the Court is, therefore, precluded from considering it by the statute of limitations.

**RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the important notice on the next page.

/s/ Robert S. Carr
Robert S. Carr
United States Magistrate Judge

May  /  , 2009
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).