IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Rufus Junior Williams, #290609,  ) | C.A. No. 2:09-745 |
| )  Petitioner, )  ) | |
| vs. ) | **ORDER** |
| ) | |
| LeRoy Cartledge, ) | |
| )  Respondent. ) | |
| ) | |

Petitioner, Rufus Junior Williams, a state inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 24, 2009. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On March 30, 2009, the Magistrate Judge ordered Petitioner to answer a set of special interrogatories to address whether Petitioner's case was timely. On April 21, 2009, Petitioner filed his answers to the Magistrate Judge's special interrogatories. On May 1, 2009, the Magistrate Judge issued a Report and Recommendation recommending the summary dismissal of this case as untimely under 28 U.S.C. § 2244. On May 19, 2009, Petitioner filed objections to the Report and Recommendation.

## FACTS

Petitioner was convicted of first-degree burglary and assault and battery of a high and aggravated nature in the Greenville County General Sessions Court on February 5, 2003 following a trial by jury. Petitioner timely appealed his conviction. The South Carolina Court of Appeals affirmed Petitioner's convictions on October 21, 2004. Petitioner did not appeal this decision to the South Carolina Supreme Court or the United States Supreme Court. Petitioner's

conviction became final on January 19, 2005. *See Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)(noting that the time for filing a petition for a writ of certiorari in the United States Supreme Court is 90 days). Petitioner filed his first application for post-conviction relief ("PCR") on April 27, 2005. This application was dismissed on September 15, 2006. Petitioner did not appeal this dismissal to the South Carolina Court of Appeals or South Carolina Supreme Court. Petitioner filed a second PCR application on May 1, 2007. On November 14, 2007, Petitioner was granted a "belated appeal" of his second PCR case. Petitioner's second PCR application was denied on November 29, 2007 by the South Carolina Supreme Court. Petitioner did not seek further review of the state courts' decisions in his PCR cases.

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a one-year statute of limitations applies to applications for a writ of habeas corpus filed by persons in custody pursuant to a judgment by a state court. *See Rochester v. McMaster*, C.A. No. 8:08-1677, 2008 WL 5378249, at *2 (D.S.C. Dec. 23, 2008) (citing 28 U.S.C. § 2244(d)(1)). This one-year limitations period begins to run at "the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1). The one-year period is tolled during the time

2

that a petitioner seeks relief in state court proceedings such as with PCR applications. § 2244(d)(2); *see also Rochester*, 2008 WL 5378249, at *3 (citing *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999)). " A new one-year limitation period is not initiated upon exhaustion of state remedies; rather, the original one-year limitation period which was tolled during the pendency of the state proceedings recommences upon the final disposition by the highest state court." *Id.*

In order for a collateral proceeding to trigger the tolling provisions of § 2244(d)(2), a PCR application must be properly filed in accordance with state law. § 2244(d)(2). In computing the amount of time that transpired between court events for the purpose of determining whether or not a habeas claim under § 2244(d)(2) is timely, a "court is to use the guidelines contained in Rule 6 of the Federal Rules of Civil Procedure." *Rochester*, 2008 WL 5378249, at *3 (citing *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000)).

The Fourth Circuit has ruled that courts should use caution in *sua sponte* dismissing untimely petitions under AEDPA. *See McMillan v. Jarvis*, 332 F.3d 244, 249 (4th Cir. 2003). In *McMillan,* the Fourth Circuit stated:

> [W]hen a federal habeas court, acting *sua sponte*, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

*Id.* For example, principles of equitable tolling may, in some cases, excuse a petitioner's failure to comply with the requirements of a statute of limitations. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). A petitioner is "only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

3

With this background in mind, the court turns to the facts of this case. As was noted above, Petitioner's conviction became final on January 19, 2005. Ninety-eight days of Petitioner's one-year (365-day) limitations period were exhausted prior to Petitioner's filing of his first PCR application on April 27, 2005. After Petitioner's first PCR application was dismissed on September 15, 2006, the limitations period again began to run the day after the ten-day period during which Petitioner could have filed a state petition for writ certiorari expired, which was on September 26, 2006. Between this date and the filing of Petitioner's second PCR application on May 1, 2007, another 216 days of the one-year statute of limitations were exhausted. Petitioner's second PCR case ended on November 29, 2007, and his 365 day limitations period for filing a federal habeas corpus case expired fifty-one (51) days later on January 19, 2008. Petitioner did not file the within habeas corpus petition until March 2009, which was over a year later. Therefore, the Magistrate Judge was correct in finding that Petitioner's habeas corpus petition is untimely.

Thus, the court must determine whether Petitioner has presented any facts to the court that militate against the application of the limitations bar. Petitioner was afforded the opportunity to explain why the one-year statute of limitations in § 2244(d) did not bar his petition in his original habeas corpus petition. Petitioner offered no explanation for any untimeliness in his Petition. Petitioner was afforded an additional opportunity to explain the untimeliness in his answer to the Magistrate Judge's special interrogatories. In his response to these interrogatories, Petitioner provided an answer devoid of facts that would militate against the application of the limitations period:

Because under 28 U.S.C. § 2244-2255 in the (A) limitation event that has arised Petition

feels that he shall have the same benefit of the holding in Houston v. Lack, 477 U.S. 266 (1988) pleading and Local Rule 73.02 B)[sic](1) pretrial proceeding in this action. Also in Rule (6) E F.R.C.P. So this action should be granted and a hearing should be held to resolve the issues because constitutional rights are clearly violated.

In Petitioner's objections to the Report and Recommendation, however, Petitioner finally offers several explanations for the untimeliness of his petition. These explanations include: (1) Petitioner was incompetent due to "mental stress;" (2) Petitioner is uneducated in the law; (3) "law library cases not available;" (4) some issues were not ruled on in prior cases; and (5) Petitioner is housed in a three-man cell that is overcrowded and noisy. Petitioner also makes several legal arguments that are irrelevant to the court's determination.[1]

Petitioner's first contention, that he was not competent to file his petition in a timely manner due to mental stress is unavailing. The Fourth Circuit has stated that a petitioner's mental condition will provide reason for equitable tolling only in cases of profound mental incapacity. *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004). Petitioner has not asserted that his mental condition rises to this level; mere stress is not a severe mental incapacity. In addition, Petitioner's diligence in seeking PCR relief indicates that Petitioner's case is not extraordinary. *See id.*

Petitioner's next two arguments are similarly unavailing. Petitioner indicates that he did not understand the law. It is well-established, however ignorance of the law is not a basis for equitable tolling even in the case of an unrepresented prisoner. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). In addition, the court notes that allegations of "inadequate prison

---

[1] Petitioner argues that: (1) habeas corpus cannot be suspended and that this case should be heard because constitutional rights have been violated; (2) Petitioner would be denied his First Amendment right to Freedom of Speech if his petition were dismissed; (3) Petitioner would be denied access to the courts to redress the alleged violations of his rights if his petition were dismissed.

5

law libraries" have been held not to constitute the "extraordinary circumstances" needed to warrant equitable tolling. *Dean v. Johnson*, No. 2:07cv320, 2007 WL 4232732, at *5 (E.D.Va. Nov.27, 2007) (citing *Maclin v. Robinson*, 74 Fed. Appx. 587, 589 (6th Cir.2003) (denying equitable tolling to a prisoner whose access to the law library was limited to 1.5 hours per week); *Baker v. Norris*, 321 F.3d 769, 771-72 (8th Cir.2003) (denying equitable tolling to a prisoner whose library access was limited to two (2) hours at a time). Petitioner has not alleged that he did not have access to a law library. Petitioner merely alleges that cases were not available in the law library. These are not extraordinary circumstances according to the case law of this circuit. *See Workman v. Bazzle*, No. 9:07-2190-GRA-GCK, 2008 WL 1745182, at *10 (D.S.C. Apr. 10, 2008) (stating that ignorance of the statute of limitations or inadequacy of the prison law library does not warrant equitable tolling).

Petitioner's last two arguments are also without merit. First, that some of the issues raised by Petitioner in his PCR cases were never ruled on because they were procedurally barred is no excuse for Petitioner's failure to timely file his habeas application. The lack of a ruling on the merits of these issues in no way would have prevented Petitioner from timely filing his habeas application. Second, that Petitioner is housed in a somewhat crowded and noisy three-man cell is unexceptional. While these conditions might make filing a habeas petition somewhat more difficult, prisoners are routinely housed with other inmates and these circumstances do not meet the level of extraordinary circumstances necessary for equitable tolling to apply. Accordingly, the Magistrate Judge was correct in finding that Petitioner's claim for relief under § 2254 was untimely.

6

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue under 28 U.S.C. § 2253(c)(1)(A) only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at § 2253(c)(2). A habeas petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Further, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Petitioner's habeas petition has been denied as untimely, which is a procedural ground. the court finds that the law it has applied in this case is clear and that reasonable jurists could not debate whether the court was correct in its procedural ruling. Therefore, the court denies Petitioner a certificate of appealability.

## CONCLUSION

It is therefore **ORDERED**, for the forgoing reasons, that Petitioner's petition for relief under 28 U.S.C. § 2254 is **DISMISSED**.

**AND IT IS SO ORDERED.**

s/ Margaret B. Seymour
United States District Judge

March 12, 2010
Columbia, South Carolina

7